# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

COURTNEY D. DURHAM,
individually, and on behalf of those
similarly situated,

      Plaintiffs,

v.                                                 Case No.  3:22-cv-89-MMH-MCR

NEWREZ, LLC, a foreign limited
liability company, and NEWREZ,
LLC d/b/a Shellpoint Mortgage
Servicing, a Florida registered
fictitious name entity solely
registered to do business in Duval
County,

      Defendants.

_____

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 20) and Plaintiff's Response to Motion to Strike (Doc. 21), both filed on April 22, 2022.[1]  In the Responses, Plaintiff, in addition to

---

[1] On April 8, 2022, Defendants filed a Motion to Dismiss the Amended Complaint and Strike Class Action Allegations (Doc. 19).  Pursuant to the Local Rules of this Court, as a party responding to a motion, Plaintiff was permitted to file "a legal memorandum no longer than twenty pages inclusive of all parts."  See Local Rule 3.01(b), United States District Court, Middle District of Florida (Local Rule(s)) (emphasis added).  However, contrary to the Local Rules, Plaintiff filed two responses to the Motion, one addressing the dismissal arguments and the other addressing the request to strike, which together total twenty-three pages.  See Responses (Docs. 20-21).  Although the Court declines to strike the improper responses in this instance, Plaintiff is cautioned that going forward, filings which do not comply with this or any other Local Rule may be stricken.  While the Court recognizes that Plaintiff is proceeding

1

asserting that Defendants' motion to dismiss and strike is due to be denied, alternatively requests leave to amend her complaint. See Response (Doc. 20) at 16; Response (Doc. 21) at 6. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include this request in the Responses, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for

---

pro se in this action, she is still required to comply with the relevant procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of this Court. See Blanco GmbH + Co. KG v. Vlanco Indus., LLC, 642 F. App'x 934, 936 (11th Cir. 2016).

2

leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety & Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex rel. Atkins v. McInteer, 470 F. 3d 1350, 1361–62 (11th Cir. 2006) (same).  Thus, the Court will not entertain Plaintiff's request for relief included in the Responses.  Plaintiff is advised that, if she wishes to pursue such relief, she is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Accordingly, it is

**ORDERED:**

To the extent that she requests affirmative relief from the Court, Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 20) and Plaintiff's Response to Motion to Strike (Doc. 21) are **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of April, 2022.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies:

Counsel of record
Pro Se Parties

4