UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COURTNEY D. DURHAM,

    Plaintiff,

v.                                                     Case No. 3:22-cv-89-MMH-MCR

NEWREZ, LLC, a foreign limited
liability company, et al.,

    Defendants.
_____

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 72; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on January 30, 2023. In the Report, Judge Richardson recommends that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 50) and the Motion of Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC to Dismiss the Second Amended Complaint (Dkt. No. 52) (collectively Motions) be granted, in part, and denied without prejudice, in part, and that the case be stayed. See Report at 2, 30-31. No objections to the Report have been filed, and the time for doing so has now passed.

-1-

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1, n.1.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The resolution of the Motions recommended in the Magistrate Judge's Report and Recommendation (Dkt. No. 72) is **ADOPTED** by the Court.

2. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 50) and the Motion of Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC to Dismiss the Second Amended Complaint (Dkt. No. 52) are **GRANTED, in part, and DENIED without prejudice, in part**.

3. The Motions are **GRANTED** to the extent that this case is **STAYED** pending resolution of the related state court proceedings.

4. Otherwise, the Motions are **DENIED without prejudice**.

5. The parties are directed to file a joint status report on **May 15, 2023**, and every **ninety (90) days** thereafter, advising the Court of the status of the state court proceedings.

6. The Clerk of the Court is directed to administratively close this case pending further Order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of February, 2023.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record